IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H. Edwin Rodrock,  :
              Appellant  :
   :   No. 998 C.D. 2017
          v.  :
   :   Argued: December 13, 2018
Commonwealth of Pennsylvania,  :
Public Utility Commission  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge


OPINION BY
JUDGE McCULLOUGH                        FILED:  January 9, 2019


H. Edwin Rodrock (Appellant) appeals from the June 26, 2017 order of the Court of Common Pleas of Dauphin County (trial court) sustaining the preliminary objections of the Public Utility Commission (PUC) and dismissing Appellant's complaint with prejudice.


**Facts and Procedural History**

The underlying facts of this case are not in dispute. Appellant has been employed with the PUC since December 17, 1973. (Reproduced Record (R.R.) at 61a.) Appellant was first employed as an Accountant II. *Id.* In 2002, Appellant became employed as a fixed utility financial analyst supervisor. (R.R. at 62a.) In 2005, the PUC advertised an available position as a fixed utility manager. *Id.* Appellant applied for this position but learned that he was rejected in May 2006. *Id.*

Appellant was 59 years old at the time of this rejection. *Id.* Paul Diskin, a 51-year-old male, was hired for this position. *Id.*

On November 6, 2006, Appellant filed a complaint with the Pennsylvania Human Relations Commission (Commission) alleging that he was denied the aforementioned fixed utility manager position due to unlawful age discrimination. (R.R. at 61a.) By letter dated July 21, 2008, the Commission advised Appellant that the matter was "closed administratively" for reasons which "[y]ou have been informed by your investigator." (R.R. at 73a.) This letter stated that both the complainant (Appellant) and respondent (PUC) had the opportunity to provide comments regarding the investigation of the complaint after "final disposition" of the same. *Id.* This letter also included a document entitled "NOTICE OF RIGHTS OF COMPLAINANTS AFTER DISMISSAL OF COMPLAINT," which advised Appellant of his right to request a preliminary hearing in accordance with section 42.62 of the Commission's regulations, 16 Pa. Code §42.62,[1] or to file a complaint in

---

[1] Section 42.62 of the Commission's regulations provides as follows:

    (a)    If a case is closed under §42.61 (relating to dismissal of complaints), the complainant may file a request for a preliminary hearing within 10 days of receipt of the notice of the closing of the complaint.

    (b)    The request for a preliminary hearing may be made only once for each ground of closing.

    (c)    A request for a preliminary hearing shall be in writing, state specifically all grounds on which the complainant disputes the Commission's stated reasons for closing the case, and may contain new evidence not previously considered by the Commission.

**(Footnote continued on next page…)**

the common pleas court under section 12(c) of the Pennsylvania Human Relations Act (Act).[2] (R.R. at 74a.) This "NOTICE OF RIGHTS" provided, in pertinent part, as follows:

> The complainant has the right to request a preliminary hearing in this matter, pursuant to the Commission's Special Rules of Administrative Practice and Procedure, 16 ADMIN CODE Section 42.62. Should the complainant desire to file such a request, it must be in writing and it must state specifically the grounds upon which the complainant disputes the Commission's findings. It may contain new evidence not previously considered. If the Request for a Preliminary Hearing is based upon new or previously unconsidered evidence, the nature, location, and form of the evidence in issue must be explicitly set forth in the request.
>
> The purpose of the hearing, should the Commission grant one, will be to decide whether the Commission has properly dismissed the complaint. The Commission may also decide to reopen the complaint for further investigation instead of conducting a hearing.
>
> . . .

**(continued…)**

> (d)    The Commission will forward a copy of the request for a preliminary hearing and material in support thereof to the respondent, who shall have the right to respond thereto within 10 days of receipt of the copy.

16 Pa. Code §42.62(a)-(d).

---

[2] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §962(c). Section 12(c)(2) of the Act specifically provides for a two-year statute of limitations within which to bring such a claim in the common pleas court, stating "[a]n action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint." 43 P.S. §962(c)(2).

> In addition, you are hereby notified, as required by Section 12(c) of the Pennsylvania Human Relations Act, 43 P.S. Section 962(c), that you have the right, upon the dismissal of your case, to file a complaint in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by the Act. Section 962(c)(1). If you wish to file a complaint in the court of common pleas, the complaint must be filled [sic] within two (2) years after the date of the notice from the Commission closing the complaint. Section 962(c)(2). You may also wish to consult a private attorney about this right and about any other rights you may have in this matter.

(R.R. at 57a.)

Appellant requested a preliminary hearing. By letter dated March 27, 2009, the Commission notified Appellant that his case would be reopened and would be "forwarded to the Commission's Regional Office for further investigation." (R.R. at 71a.) By letter/notice dated June 3, 2011, the Commission notified Appellant that, after further investigation, it determined "that the complaint should be dismissed because the facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination." (R.R. at 69a.) This letter included a "NOTICE OF RIGHTS OF COMPLAINANTS AFTER DISMISSAL OF COMPLAINT," which was identical to the one attached to the Commission's earlier letter. (R.R. at 70a.) Appellant again requested a preliminary hearing.

However, by letter dated July 27, 2011, the Commission notified Appellant that his request was denied. (R.R. at 68a.) This letter also advised Appellant that his case was "closed" and that he had "no further appeal rights with the Commission." *Id.* Further, the letter reminded Appellant of his right to file a complaint with the common pleas court under section 12(c) of the Act, stating that,

> You are reminded that pursuant to Section 12(c) of the [Act], 43 [P.S.] Section 962(c), you have the right, upon the dismissal of your case, to file a complaint in the Court of

Common Pleas of the county where the alleged unlawful
discriminatory practice took place. If you desire to do this,
and have not already done so, you should file the complaint
as soon as possible.

*Id.*

On July 26, 2013, Appellant filed a complaint with the trial court reiterating his claim that he was not hired for the fixed utility manager position due to unlawful age discrimination. (R.R. at 61a-64a.) Appellant alleged in this complaint that he was more qualified for that position than Diskin, the 51-year-old male who was eventually hired, and had more experience performing many of the duties of that position. (R.R. at 62a.) The PUC filed preliminary objections asserting that Appellant did not aver that a complaint had been first filed with the Commission, after which Appellant filed an amended complaint on July 22, 2014, addressing this error. The PUC filed preliminary objections to the amended complaint alleging that Appellant failed to state a claim because his original complaint filed on July 26, 2013, was untimely. The PUC noted that Appellant had two years to initiate a claim in the trial court in accordance with section 12(c)(2) of the Act. The PUC stated that the two-year period began to run with the June 3, 2011 right-to-sue letter/notice provided to Appellant, and not with its July 27, 2011 letter, which merely denied Appellant's request for a preliminary hearing due to a lack of new evidence.

In the interim, Appellant filed another complaint with the Commission, alleging that he was denied a second newly-advertised fixed utility manager position due to unlawful age discrimination. (Supplemental Reproduced Record (S.R.R.) at 6b.) Appellant was 65 years of age at the time this position was advertised and it was eventually filled by Darren Gill, a 44-year-old male. *Id.* Appellant's second complaint was dismissed and closed on December 17, 2012. Less than two years later, on December 12, 2014, Appellant filed a second complaint with the trial court,

5

again alleging that he was not hired for the fixed utility manager position due to unlawful age discrimination. Appellant also alleged that he was more qualified than Gill because he had more supervisory experience and training in the area of emergency preparedness. (S.R.R. at 3b-8b.) By order dated February 22, 2017, the trial court consolidated Appellant's cases. (R.R. at 17a.)

By order dated June 26, 2017, the trial court sustained the PUC's preliminary objections and dismissed Appellant's amended complaint with prejudice.[3] (R.R. at 10a-11a.) The trial court agreed with the PUC that Appellant failed to state a claim because his original complaint was untimely filed. (R.R. at 10a.) The trial court explained that the Commission issued its dismissal and right-to-sue letter/notice on June 3, 2011, which initiated the two-year statute of limitations under section 12(c)(2) of the Act, but Appellant did not file his original complaint until July 26, 2013. *Id.*

The trial court also relied on sections 42.61 and 42.63 of the Commission's regulations in support of its opinion. Section 42.61 addresses the dismissal and closing of complaints when the Commission finds that no probable cause exists to credit the allegations of a complaint, as well as the procedure for notifying parties of such decisions, including written notification. 16 Pa. Code §42.61.[4] The trial court reiterated that the Commission's June 3, 2011 letter/notice

---

[3] Although the cases were consolidated, the trial court's order only addressed Appellant's original complaint, which was subsequently amended. The trial court's order did not address Appellant's second complaint which was timely filed on December 12, 2014. In its brief, the PUC notes that the second complaint remains pending before the trial court.

[4] Section 42.61 provides as follows:

(a)     If, after investigation, the staff determines that no probable
        cause exists to credit the allegations of the complaint or if, during

**(Footnote continued on next page…)**

6

constituted the required written notification to Appellant of the dismissal of his case. (R.R. at 10a.) Section 42.63 of the regulations addresses the actions of the Commission on a request for a preliminary hearing, including the decision on

---

**(continued…)**

> or after investigation, the staff determines that the case is untimely filed, that the case is moot, that the Commission lacks jurisdiction, that the parties have reached an agreement adjusting the complaint or that another reason exists which legally justifies the dismissal of the complaint, the staff will make a finding reflecting that determination.
>
> (b)     A staff finding will be reported to the Executive Director, who may close the case or take other action as may be deemed necessary or appropriate. The Executive Director may appoint, in writing, another staff person who is authorized to close cases in the Executive Director's absence.
>
> (c)     Whenever a case is closed, the Commission will notify all parties in writing of the following:
>
> > (1)     The closing, together with a statement of the reason therefor.
> >
> > (2)     The right of the complainant to request a preliminary hearing in accordance with §42.62 (relating to request for a preliminary hearing).
> >
> > (3)     The right of the complainant to bring an action in the court of common pleas of the county wherein the alleged unlawful discriminatory practice took place. The duty of the complainant to serve a copy of the court complaint on the Commission, in an action so brought, at the same time the complaint is filed in court.

16 Pa. Code §42.61(a)-(c).

whether to grant or deny the same and the requirement for written notification to the parties.  16 Pa. Code §42.63.[5]  The trial court stated that section 42.63 supports the

_____

[5] Section 42.63 states as follows:

> (a)    A request for a preliminary hearing will be referred to a staff counsel who will review the file, consider new evidence, secure new information as may be necessary or appropriate, and who shall recommend one of the following:
>
>> (1)    That the request be denied.
>>
>> (2)    That probable cause exists to credit the allegations of the complaint, on the record currently before staff counsel, without the need for a preliminary hearing.
>>
>> (3)    That the case should be reopened for further investigation or other appropriate action, without the need for a preliminary hearing.
>>
>> (4)    That a preliminary hearing is necessary or appropriate under §42.65(a) (relating to conduct of preliminary hearing).
>
> (b)    If the staff counsel recommends that a request for a preliminary hearing be granted, and that a preliminary hearing be convened under subsection (a)(4), the recommendation shall be made and reported to the Executive Director, who may grant the request and convene a preliminary hearing, or take other action as the Executive Director may deem necessary or appropriate.
>
> (c)    If the staff counsel recommends that a request for a preliminary hearing be granted, because probable cause exists under subsection (a)(2), the recommendation shall be made and reported to the Executive Director, who may grant the request, reopen the case, and approve a finding of probable cause, or take other action as the Executive Director deems necessary or appropriate.  If a finding of probable cause is made, the case will

**(Footnote continued on next page…)**

conclusion that the present case was closed before the July 27, 2011 letter, since one of the actions the Commission could take on a request for a preliminary hearing is to reopen a case. (R.R. at 11a.) The trial court noted that the July 27, 2011 letter denied Appellant's preliminary hearing request and merely reminded him of his "rights and the running of the statute [of limitations]." *Id.*

Appellant thereafter filed a notice of appeal with the trial court, as well as a concise statement of errors complained of on appeal. (R.R. at 5a-9a.) Specifically, Appellant alleged that the trial court erred in concluding that the

---

**(continued…)**

> thereafter proceed in accordance with § 42.71 (relating to finding of probable cause).
>
> (d)     If the staff counsel recommends that a request for a preliminary hearing be granted, and that further investigation or other action take place under subsection (a)(3), the recommendation will be made and reported to the Executive Director, who may grant the request, reopen the case, and institute further investigation, or take other action the Executive Director deems necessary or appropriate.
>
> (e)     If the staff counsel recommends that a request for a preliminary hearing be denied, or if the Executive Director determines that a recommendation to grant a request for a preliminary hearing should be denied under subsection (b), (c) or (d), the recommendation or determination will be made and reported to the Commissioners, who may grant or deny the request for a preliminary hearing or take other action as they may deem necessary or appropriate.
>
> (f)     The Commission will notify all parties, in writing, of its action in either granting or denying the request for a preliminary hearing.

16 Pa. Code §42.63(a)-(f).

Commission's June 3, 2011 letter/notice, rather than its July 27, 2011 letter, constituted notice of the closing of his case and, hence, that his complaint was untimely filed. (R.R. at 5a.) Appellant also alleged that the trial court erred in finding that notice of dismissal of a complaint and notice of closing the case are the same action. (R.R. at 6a.) The trial court did not issue a supplemental opinion in support of its June 26, 2017 order but instead found that the issues raised by Appellant were adequately addressed in the opinion accompanying that order.

## Discussion

On appeal,[6] Appellant reiterates his argument that the trial court erred and/or abused its discretion in concluding that his complaint was untimely filed under section 12(c)(2) of the Act. We agree.

Section 12(c) of the Act provides as follows:

> (1) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

[6] In reviewing a trial court's order sustaining preliminary objections, the standard of review is *de novo* and the scope of review is plenary. *Williams v. City of Philadelphia*, 164 A.3d 576, 584 (Pa. Cmwlth. 2017), *aff'd*, 188 A.3d 421 (Pa. 2018). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them. *Id.*

(2) An action **under this subsection shall be filed within two years** after the date of notice from the Commission **closing the complaint**.  Any complaint so filed shall be served on the Commission at the time the complaint is filed in court.  The Commission shall notify the complainant of this requirement.

(3) If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employes, granting of back pay, or any other legal or equitable relief as the court deems appropriate.  Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act.

(4) The court shall serve upon the Commission any final order issued in any action brought under this subsection.

43 P.S. §962(c)(1)-(4) (emphasis added).

Appellant alleges that the trial court's interpretation of the terms "closed" and "dismissed" as related to section 12(c)(2) of the Act, and its reliance upon the Commission's regulations for support, violates the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§1501-1991.  Appellant avers, contrary to the rules of statutory construction, that the trial court's interpretation "fails to give full effect to the provisions of the [Act] enacted by the General Assembly, usurps the legislative prerogative, impermissibly alters the framework set in the statute, and treats the General Assembly's language regarding the statute of limitations as *mere surplusage*."  (Appellant's brief at 7-8) (emphasis in original).  Appellant further describes section 42.61 of the Commission's regulations as "confused, defective, and fatally flawed."  (Appellant's brief at 12.)  We agree with Appellant.

11

Certainly, the focus of any statutory construction analysis is the legislative intent behind the enactment. Indeed, section 1921 of the Statutory Construction Act provides, in pertinent part, as follows:

> (a)  The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b)  When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. §1921(a), (b).

In the present case, the words of the statute are clear. Section 12(c)(2) of the Act states that the two-year time period within which a complainant must initiate an action in the common pleas court begins to run from "the date of notice from the Commission **closing** the complaint." 43 P.S. §962(c)(2) (emphasis added). This language is included in the Commission's regulations cited and relied on by the trial court. Specifically, section 42.61(c) of these regulations provides, "[w]henever a case is closed, the Commission will notify all parties in writing of . . . [t]he **closing**, together with a statement of the reason therefor." 16 Pa. Code §42.61(c) (emphasis added).

> The Commission's June 3, 2011 letter/notice states as follows:
>
> This letter will notify you that the [Commission] has investigated the above referenced complaint of unlawful discrimination and has determined that the complaint **should be dismissed** because the facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination. Enclosed is a Notice of the complainant's further rights in this matter.

12

> The Pennsylvania Human Relations Act affords the complainant and the respondent the opportunity for comments **after the final disposition of the complaint**. If you wish to make written comments regarding the investigation of the complaint, please send them to Edward Rogers, the Director of Compliance, at the above address. Your comments will be provided to the Commission members.

(R.R. at 43a) (emphasis added). Nowhere in this letter/notice does the Commission advise Appellant that his case was closed. Rather than simply indicating that Appellant's complaint is dismissed, the Commission opts to inform Appellant that his complaint "should be dismissed." *Id.* At the very least, the Commission's use of the words "should be" renders the letter itself somewhat ambiguous. Further, this language, coupled with the language of the second paragraph of the letter, *i.e.*, "after the final disposition of the complaint," seemingly implies that the matter was not in fact closed. The second paragraph notes the opportunity of a complainant and respondent to provide comments after final disposition of the complaint, which comments will be provided to the members of the Commission. Such language suggests that the Commission members could take further action in response to the comments.

Moreover, although the "NOTICE OF RIGHTS OF COMPLAINANTS AFTER DISMISSAL OF COMPLAINT" that was attached to the June 3, 2011 letter advised Appellant of his right to file a complaint with the common pleas court "upon the dismissal of your case," this notice goes on to state that such complaint "must be filed within two (2) years after the date of the notice from the commission **closing** the complaint." (R.R. at 44a) (emphasis added). This language suggests that the terms "dismissal" and "closing" reflect separate events, *i.e.*, the Commission will take further action to close a case. At the very least, this language is ambiguous and confusing to complainants, especially in light of the fact that said notice also advises

13

complainants of their right to request a preliminary hearing, which, as noted above, suggests that the matter is not in fact closed.

Importantly, we note that Appellant's complaint was originally closed by the Commission by letter/notice dated July 21, 2008. The 2008 letter specifically advised Appellant that his complaint was "closed administratively." (R.R. at 73a.) However, following Appellant's request for a preliminary hearing, the Commission reopened the case and noted that further investigation would follow. Upon completion of that investigation, the Commission issued the June 3, 2011 letter/notice to Appellant. Nevertheless, the Notice of Rights that was included with this letter, which was identical to the one attached to the 2008 letter, references the right of a complainant to request a preliminary hearing in the matter. Appellant requested another preliminary hearing, but this request was denied. The Commission advised Appellant of this denial in its July 27, 2011 letter. This letter provided as follows:

> The [Commission] has completed its review of your Request for a Preliminary Hearing. Based upon that review, the Commission voted to deny your request at its July 25, 2011 Commission meeting of [sic] on the grounds that you presented no facts or evidence not considered at the time of the original finding or no facts or evidence that would alter the original finding.
>
> **As a result of this decision, the Commission has <u>closed</u> your case. You have no further appeal rights with the Commission.**
>
> You are reminded that pursuant to Section 12(c) of the Pennsylvania Human Relations Act, 43 [P.S.] Section 962(c), you have the right, upon dismissal of your case, to file a complaint in the Court of Common Pleas of the county where the alleged unlawful discriminatory practice took place. If you desire to do this, and have not already done so, you should file the complaint as soon as possible. You may also wish to consult a private attorney about this

14

right and about any other rights you may have in this matter.

(R.R. at 68a) (emphasis added). The July 27, 2011 letter from the Commission, for the first time, advises Appellant in clear and definitive language that his case was closed. According to section 12(c)(2) of the Act, it is the closing of the complaint that initiates the two-year statute of limitations for filing a complaint with the common pleas court. Given the express language of the statute, it was not unreasonable for Appellant to believe that the two-year period for filing a complaint with the trial court began as of the date of this letter.

**Conclusion**

Based upon the clear language of section 12(c)(2) of the Act, along with the language used by the Commission in its July 27, 2011 letter, the trial court erred in sustaining the PUC's preliminary objections and dismissing Appellant's amended complaint, originally filed on July 26, 2013, as untimely.

Accordingly, the order of the trial court is reversed, and the matter is remanded to the trial court for further proceedings relative to Appellant's amended complaint.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in this decision.

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H. Edwin Rodrock,           :
           Appellant         :
                             :   No. 998 C.D. 2017
           v.             :
                             :
Commonwealth of Pennsylvania,    :
Public Utility Commission        :

## ***ORDER***

AND NOW, this 9th day of January, 2019, the order of the Court of Common Pleas of Dauphin County (trial court), dated June 26, 2017, is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

      Jurisdiction relinquished.

 

                                 _____
                                 PATRICIA A. McCULLOUGH, Judge